FOWLER, FOSTER & CO. *v.* WOOD.

1. In a proceeding to renew an execution, no appeal lies from the judgment of the court below on questions of fact. In this case the findings were supported by the evidence.
2. A discharge in bankruptcy does not divest the lien of a judgment on land set apart to the bankrupt as a homestead in the bankrupt court, and therefore unadministered. In such case, the judgment creditor is entitled to the renewal of his execution.

Before HUDSON, J., Spartanburg, September, 1886.

This was an appeal from the following Circuit judgment:

T. E. Moore, as assignee of the judgment and execution in the above entitled case, seeks by summons to renew the execution issued upon the said judgment, which was recovered on April 30, 1869. The defendant, Ben. T. Wood, answers and contests the assignee's right to renew the execution upon the grounds following, to wit: I. Because he was never served with the original process in said action, and hence made no defence thereto. II. Because the alleged assignee is not the owner of the execution. III. Because the defendant, B. T. Moore, was, on the 23rd day of July, A. D. 1874, duly discharged in bankruptcy by the United States Court. IV. Because the right to renew is barred by the statute of limitations.

To sustain the first objection the defendant offered no testimony, but relied on what he claimed to be a fatal defect in the record, viz., the absence of evidence that the writ was served— no endorsement of service appearing upon it. In this, I think he is mistaken, because the writ does bear on its face *prima facie* evidence of having been served. True, the return of the sheriff is not subscribed, nor is the proof of service signed by the clerk; but the testimony of Mr. Blassingame, who was then sheriff (1867), is that the oath was taken before the clerk orally, and that officer merely endorsed on the writ the words, "Service proven." He testified that all writs of that day and time were endorsed exactly as this one is. I hold, therefore, that there is *prima facie* evidence of service sufficient to put the defendant to proof of the contrary.

It was also objected at the trial that the original paper did not appear on its face to have been returned as the law requires, and hence no renewal can be had. It is in proof that it was found in the clerk's office to which it had been returned, but no endorsement of return upon it. The neglect of the sheriff to endorse his return ought not, nor does it, defeat the owner's right to renew. The then sheriff has long since retired from office. See *Graves* v. *Belser, ex'or,* 1 *Nott & McC.,* 125.

Upon the second ground of objection the proof is clear as to the assignee's title.

As to the statute of limitations, the plea (if plea there be) is not sustained.

Upon the third ground arises the most interesting question, viz., the effect of defendant's discharge in bankruptcy upon the right to renew this execution. It may be clear and not denied that by his discharge Wood is released from this and all debts then existing and provable against his insolvent estate; and furthermore, that all of his property, real and personal, which was duly administered in the bankruptcy court, was released from the claims of this judgment debt. But property which was not administered in that court, and which could not be so administered, because exempt by the State laws, was not released from the lien of the judgment, nor was property so released which he may have aliened before he filed his petition, provided the alienation was not in violation of the bankrupt law. There is no evidence of the existence of any of the latter kind, but there is evidence that his homestead was admeasured to him by the assignee, and subsequently aliened, and I presume that the judgment creditor had an eye to this property.

The policy of the bankruptcy act is to preserve, rather than destroy, liens existing upon the estate of the bankrupt before he files his petition. In setting apart exempted property the assignee, in effect, merely declares that the bankrupt court has no concern with it, and he himself no title thereto. It is merely set apart to the bankrupt as his, to be governed and controlled by the law of the State which exempted it; and the insolvent takes it subject to the State law and *cum onere*. If there be a lien upon it, the same remains unaffected by the adjudication of bankruptcy. In support of this view I cite *Bump Bank.*, 140, 141, 142, and *Thomp. Homest.*, § 400, where this question is fully discussed and the authorities collected.

Upon the authorities I hold that the plea of discharge in bankruptcy cannot avail the defendant in his efforts to prevent the renewal of this execution. What use the owners will attempt to make of it after renewal, and what litigation he will spring by his action thereon, is altogether a different matter, and will not be affected by anything we have said touching the naked right to renew; and this naked right is all we intend here to determine.

It is therefore adjudged and decreed, that the execution afore-

said be renewed according to its tenor.    Let the formal order be prepared.

From this judgment and the formal order based thereon, the defendant appealed upon numerous exceptions, raising the points considered by the court.

*Mr. J. S. R. Thomson,* for appellants.

*Messrs. Carlisle & Wofford, Bomar & Simpson,* contra.

February 27, 1887.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    T. E. Moore, as assignee of Fowler, Foster & Co., sought by the summons below to renew an execution issued upon a judgment of the said Fowler, Foster & Co., obtained against B. T. Wood in 1869, the active energy of which execution had expired.    The summons below was issued in 1882.    Wood appeared and resisted the renewal upon the following grounds: 1st.  He claimed that he had never been served with a writ in the case of Fowler, Foster & Co., and the judgment was therefore void.    2nd. That Moore was not the owner of the judgment.    And 3rd.  That in 1873 he had been regularly discharged in bankruptcy.    His honor, Judge Hudson, heard the case, who, overruling all of defendant's grounds, ordered the execution renewed according to its terms.    Wood appealed.

Whether the defendant had been served with a writ in the original action of Fowler, Foster & Co., so as to give the court jurisdiction of the person of Wood, and whether the first execution issued thereon had been properly returned, and also whether T. E. Moore was the owner of the judgment in question, were all questions of fact, over which we have no jurisdiction, assuming the proceedings below to be in the nature of a case at law.    But even if this was otherwise, we think the testimony introduced upon these several questions was sufficient to sustain his honor's findings thereon.

This brings us to the main question involved, to wit, the effect of the discharge in bankruptcy.    It appears that Wood, at the time of his discharge, was in possession of a tract of land, upon which it is alleged that the Fowler, Foster & Co. judgment had

lien. This had been set apart to him as a homestead, and was not therefore administered in bankruptcy. Wood has subsequently sold this land to another party, and the object of the renewal of the execution, as it is supposed, is to enforce this lien upon said homestead. As to the right, however, of T. E. Moore to follow this land with his renewed execution, his honor adjudged nothing. The naked right to renew was all that was before him, and this right was all that he determined. The decree of his honor upon this branch of the case was based upon the law as laid down in *Bump's Law and Practice of Bankruptcy*, pages 140, 141, 142, and *Thompson on Homestead and Exemptions*, section 400, where it is clearly and distinctly declared that a discharge in bankruptcy does not divest the lien which a creditor may have on the property of the bankrupt, set apart to the bankrupt as an exemption and unadministered by the bankrupt court, holding that such lien as existed before bankruptcy remains undisturbed, and is as capable of being enforced afterwards as before. See also the cases cited in the foot notes by Bump and Thompson above.

Our recent case of *Solomons v. Shaw* (25 *S. C.*, 112), is not in conflict with the principle announced in Bump. That was a case where the lien of the creditor having been lost by his own *laches*, he invoked the equity jurisdiction of the court to restore his lien and to sell the property. This court held with the Circuit Court that there was no ground for equity to interpose, and the complaint was dismissed.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.